# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-0434V**
**Filed: April 24, 2018**
UNPUBLISHED

|  |  |
|---|---|
| LISA A. LINDMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 27, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered right shoulder injuries, including bursitis, resulting from the influenza vaccine she received on September 29, 2015. Petition at 1, ¶ 2. On January 4, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 20).

On March 29, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 25). Petitioner requests attorneys' fees in the amount of $8404.00 and attorneys' costs in the amount of $472.24. *Id.* at 1. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $8,876.24.

On April 12, 2018, respondent filed a response to petitioner's motion.  (ECF No. 26.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On April 12, 2018, petitioner filed a reply.  (ECF No. 27). "Petitioner concurs with Respondent's recommendation that Chief Special Master Dorsey exercise her discretion and determine a reasonable award for attorney's fees and costs in this case." *Id.* at 1.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the requested hours appear reasonable, and the undersigned will not reduce them; however, she does reduce certain requested hourly rates.

The undersigned finds it necessary to reduce the hourly rate for attorney, Nancy Routh Meyers. Ms. Meyers billed at a rate of $375.00 for her work performed in 2016 - 2018. The undersigned finds this rate appropriate for work billed in 2018. However this amount exceeds the rate previously awarded for Ms. Meyers for work performed in 2016 and 2017. *See King v. Sec'y of Health & Human Services,* No.15-0486V, 2017 WL 2256674 (Fed. Cl. Spec. Mstr. April 27, 2017) *Wiersema v. Sec'y of Health & Human Services,* No.16-1430V, 2017 WL 3807014 (Fed. Cl. Spec. Mstr. August 2, 2017).  As is consistent with other cases in this program, Ms. Meyer's rate is reduced to $350.00 per hour for her time billed in 2016 & 2017. This results in a reduction of fees requested by $317.50.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $8,558.74[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Nancy Routh Meyers.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.